**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| ANAI GARCIA, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | NO. 3:16-CV-654 |
| | ) |     REEVES/POPLIN |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
|     *Defendant*. | ) | |

**MEMORANDUM OPINION**

On October 14, 2015, Anai Garcia slipped and fell in a puddle of liquid on the floor of a Wal-Mart in Knoxville, Tennessee. On October 13, 2016, she filed a complaint in Knox County Circuit Court against Wal-Mart, seeking $100,000 in compensatory damages for her medical care and expenses, pain and suffering, disfigurement, permanent disability, and loss of capacity to enjoy life.[1] Wal-Mart timely removed the suit to this Court based on diversity of citizenship.

On March 12, 2018, Wal-Mart filed a motion for summary judgment [D. 21], which is now before the Court. In support of its motion, Wal-Mart says that Garcia cannot establish a prima facie negligence claim against it under a creation, actual notice, or constructive notice theory of liability. Garcia responded to the motion [D. 31], and Wal-Mart replied [D. 33]. For the reasons that follow, Wal-Mart's motion for summary judgment will be granted.

**I**

Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

---

[1] Garcia's husband Walter Ruiz was also a plaintiff on the original complaint. But on February 1, 2018, the parties jointly moved the Court to dismiss Ruiz as a plaintiff on grounds that he is not a proper party to this lawsuit [D. 16]. The Court granted the motion on February 6, 2018, and all of Ruiz's claims were dismissed with prejudice [D. 17].

56(a). A dispute is genuine if a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

The moving party bears the initial burden of showing that there is no genuine issue of material fact on any element of the other party's claim or defense. *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 847 (6th Cir. 2016). In determining whether this burden is satisfied, the Court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir. 1994).

Once the movant has satisfied its initial burden, the other party must show that a genuine issue of material fact still exists. *Stiles*, 819 F.3d at 847. In doing so, the non-moving party may not rely on the pleadings alone, but must instead point to "specific facts" in the record that create a genuine issue for trial. *Metiva*, 31 F.3d at 378-79. Alternately, under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for *specified reasons*, it cannot present facts essential to justify its opposition, the court *may*: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The burden is squarely on the non-movant to inform the court of its need for discovery. *Scadden v. Werner*, 677 F. App'x 996, 999 (6th Cir. 2017). In addition to filing an affidavit, the party making such a filing must specify "what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Even if this is shown, Rule 56(d) leaves the decision to extend the discovery deadline within the court's discretion. *Scadden*, 677 F. App'x at 1000.

In ruling on a motion for summary judgment, the Court's function is limited to determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The Court need not scour the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). But the Court does not weigh evidence, judge witnesses' credibility, or decide the truth of the matter, and any genuine disputes of fact that do exist must be resolved in favor of the nonmovant. *Anderson*, 477 U.S. at 249; *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014).

## II

Under Tennessee law, "[b]usiness proprietors are not insurers of their patrons' safety." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Nevertheless, "owners and occupiers of business premises have a duty to exercise reasonable care to protect their customers from unreasonable risks of harm." *Longmire v. The Kroger Co.* 134 S.W.3d 186 (Tenn. 2003). To prevail on a claim against the owner or operator of a premises for negligence in allowing a dangerous or defective condition to exist on the premises, the plaintiff must prove that: (1) the defendant caused or created the condition, or (2) the defendant had actual or constructive notice that the condition existed prior to the plaintiff's injury.[2] *Blair*, 130 S.W.3d at 764.

In its motion for summary judgment, Wal-Mart says that Garcia has failed to establish a prima facie negligence claim because there is no evidence in the record that anyone from Wal-Mart caused the liquid to be on the floor, or that Wal-Mart had actual or constructive notice of the

---

[2] Constructive notice may be established if the plaintiff proves that the dangerous condition "existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of [it]." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 n.1 (Tenn. 2004); *Ogle v. Winn-Dixie Greeneville, Inc.*, 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995). A plaintiff may also prove that a premises owner had constructive notice of the dangerous condition "by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Blair*, 130 S.W.3d at 776-66.

3

spill prior to Garcia's fall. The Court agrees. In fact, so does Garcia. In her response to Wal-Mart's motion, Garcia admits that she "has not yet been able to present evidence showing how the liquid came to be on the floor, where it came from, or how long it had been on the floor before [she] slipped." [D. 31, at 2]. But Garcia says that the lack of evidence at this stage does not mean that such evidence does not exist or that the underlying facts are not in dispute. Accordingly, she asks the Court to deny Wal-Mart's motion for summary judgment or defer considering it until she has deposed certain Wal-Mart employees and received Wal-Mart's response to her first set of interrogatories and requests for production.

Garcia did not submit an affidavit or declaration setting forth the reasons why she was unable to present facts to justify her opposition to Wal-Mart's motion, as required by Rule 56(d). "The need to comply with Rule 56(d) 'cannot be overemphasized.'" *Scadden v. Werner*, 677 Fed. Appx. 996, 999 (6th Cir. 2017) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). Consequently, the Sixth Circuit has held that a plaintiff's failure to comply with Rule 56(d) is "reason enough" to grant a motion for summary judgment without allowing for more discovery. *Id.* at 1000.

Additionally, in her April 30, 2018 response to Wal-Mart's motion, Garcia does not address the fact that the discovery deadline had passed twelve days earlier, on April 18 [D. 6, 15].[3] She also offers no explanation for why she waited until April 30 to submit her *first* set of interrogatories and requests for production from Wal-Mart in a case that has been ongoing for more than a year and a half. Garcia has clearly had sufficient opportunity to conduct discovery; she just failed to

---

[3] On April 13, 2018, the parties filed a joint motion [D. 27] requesting a seven-day extension of time for Garcia to answer Wal-Mart's request for supplementation of discovery responses. The Court granted the motion and *sua sponte* continued the trial date to January 8, 2019 [D. 29]. However, in doing so, the Court did *not* extend the deadline to complete discovery accordingly [*Id.*].

use it. The Court thus declines to defer consideration of Wal-Mart's motion for summary judgment, and will turn to that motion now.

When a defendant moves for summary judgment, it may meet its initial burden "by highlighting an absence of facts or evidence to support a plaintiff's claim." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Wal-Mart has done so here, thus shifting the burden to Garcia to "set forth specific facts showing that there is a genuine issue for trial." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (quoting *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)). Despite having ample time to conduct discovery, Garcia has failed to present *any* evidence that Wal-Mart caused the liquid to be on the floor, or that Wal-Mart had actual or constructive knowledge of the spill prior to Garcia's fall. Without any such evidence, a reasonable jury could not return a verdict in her favor. *See Ogle v. Winn-Dixie Greeneville, Inc.*, 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995) ("When there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements."). Accordingly, Wal-Mart is entitled to judgment as a matter of law.

## III

Because Garcia has presented no evidence as to an essential element of her claim, Wal-Mart's motion for summary judgment [D. 21] is **GRANTED**, and this case is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**